JOANNE B. PAYNE, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Payne v. Comm'r
Docket No. 10768-09
United States Tax Court
2010 U.S. Tax Ct. LEXIS 66; June 24, 2010, Entered
*66 For Petitioner: Julie L. Davies, Morgan, Lewis & Bockius, LLP, Palo Alto, CA; Barton William S. Bassett, Palo Alto, CA.
For Respondent: Neal O. Abreu, Folsom, CA; John Chinnapongse, Sacramento, CA.
Diane L. Kroupa, Judge.
Diane L. Kroupa
ORDER AND DECISION
This case was calendared for trial on the April 19, 2010, San Francisco, California trial session.
The parties filed a Stipulation of Settled Issues on April 19, 2010, stating that the parties agreed that petitioner was entitled to relief under section 6015 if her request for relief was timely. Timeliness was determined in Lantz v. Commissioner,132 T.C. 131 (2009), 607 F.3d 479 (7th Cir. June 8, 2010). Respondent believes that Lantz was wrongly decided and wishes to reserve the timeliness issue and the validity of the 2-year deadline with the United States Court of Appeals for the Ninth Circuit, to which an appeal of this case would lie.
The parties filed a Supplemental Stipulation of Settled Issues on May 18, 2010, advising the Court that there is an overpayment due to petitioner for the taxable year 2000 after application of section 6015(f).
Respondent filed a Motion for Entry of Decision on May 18, 2010. Respondent moved for decision *67 in either respondent's favor or, in the alternative, petitioner's favor depending on whether the Court wanted to abide by its Lantz decision. Respondent's counsel advised that petitioner's counsel did not object to the granting of the motion in petitioner's favor. The Court granted respondent's motion and entered and Order and Decision on May 21, 2010. Due to an inadvertent clerical error, the Court did not include the overpayment language in the Order and Decision.
Respondent's counsel filed a Motion to Vacate Decision on June 17, 2010, asking the Court to vacate the decision entered in this case and enter a decision reflecting that an overpayment is due to petitioner for the taxable year 2000. Respondent's counsel states that petitioner's counsel has no objection to the granting of the Motion for Entry of Decision.
Upon due consideration and for cause, it is
ORDERED respondent's Motion to Vacate Decision is granted in that the Court's Order and Decision entered May 21, 2010, is vacated and set aside. It is further
ORDERED that respondent's Motion for Entry of Decision, filed May 18, 2010, is granted in that decision shall be entered for petitioner. It is further
ORDERED and DECIDED that, *68 before application of I.R.C. section 6015, there are Federal income tax liabilities due from petitioner for the taxable year 2000 as follows:
Year
Tax Liability
2000
$3,850.00
It is further
ORDERED and DECIDED that, after application of section 6015(f), there are no amounts due from petitioner for taxable year 2000 and there is an overpayment of $4,944.00 of income tax due to petitioner for taxable year 2000, for which amount a claim was filed on July 18, 2008, which amount was paid within two years of the date of filing of the claim, and which claim was filed within the period provided by I.R.C. sections 6015 (g) (1) and 6511 (b) (2).
/s/ Diane L. Kroupa
Judge
Entered: JUN 24 2010